NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE BLAKE BOOKSTAFF,**
*Appellant*

---

2014-1463

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 12/392,192.

---

Decided: March 26, 2015

---

JEREMY COOPER DOERRE, Tillman Wright PLLC, Charlotte, NC, argued for appellant.

JOSEPH MATAL, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee. Also represented by FARHEENA YASMEEN RASHEED, NATHAN K. KELLEY, THOMAS W. KRAUSE.

---

Before MOORE, SCHALL, and REYNA, *Circuit Judges.*

MOORE, *Circuit Judge.*

Blake Bookstaff appeals from the decision of the Patent Trial and Appeal Board affirming the examiner's rejections of all pending claims in Mr. Bookstaff's U.S. Patent Application No. 12/392,192 as anticipated by U.S.

Patent Publication No. 2005/0071232 (Frater). For the reasons discussed below, we *reverse* and *remand*.

BACKGROUND

The '192 application is directed to a point-of-sale (POS) device that can be used by a merchant to complete an electronic transaction using a customer's credit or other card. The specification describes a system that improves the manner in which gratuities are calculated and added to the amounts charged. '192 application ¶ 8. After a customer presents a card for payment for goods or services, the merchant utilizes the POS device to transmit information concerning the pending charge, including the amount owed, to the entity that issued the customer's card. *Id.* ¶¶ 10, 175. The card issuer then sends back to the merchant (and ultimately the customer) data that is indicative of a gratuity. *Id.* ¶¶ 10, 176–79. The '192 application touts the advantages of this approach over prior art processes requiring the customer to calculate a gratuity and then add the gratuity to the subtotal. It states that these prior art processes were inefficient and caused stress to the customer. *Id.* ¶ 4.

The examiner rejected all pending claims of the '192 application as anticipated by Frater. Frater discloses a method and apparatus for establishing payments, including gratuity, at the site of restaurant tables or bars. Frater ¶ 1. A preferred embodiment "includes a financial card reader and associated display and data input screen devices." *Id.* ¶ 4. The display shows the customer the bill and allows the customer to input a gratuity and approve the total charge. *Id.* ¶ 5. The customer may then pay for her order, including gratuity, and the screen will display relevant information such as the total amount owed by the customer. *Id.* ¶¶ 6, 31. A receipt may be printed that includes the total gratuity paid and the total amount paid. *Id.* ¶¶ 6, 54.

Mr. Bookstaff argued to the Board that Frater does not disclose "data that is indicative of a gratuity to be charged" received from a "card issuer," as is required by each of the pending claims of the '192 application. The Board disagreed and affirmed the examiner's rejection. The Board found that Frater discloses transmitting the total charge to the card issuer, who then transmits that information back to the merchant. J.A. 7. The Board concluded that the total charge information sent back from the card issuer is indicative of a gratuity because it can be compared to the original bill presumably in the customer's possession to determine the gratuity amount. *Id.* The Board found that this was within the scope of the "data that is indicative of a gratuity to be charged" limitation recited in the pending claims. *Id.* The Board alternatively concluded that Frater anticipates the pending claims because Frater teaches a system that has structures capable of being operated to perform the function of transmitting data indicative of a gratuity from a card issuer. *Id.* 7–8. Mr. Bookstaff appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4).

## DISCUSSION

The parties' dispute centers on the construction of "data that is indicative of a gratuity to be charged." In this case, we review the Board's claim construction de novo.[1] Mr. Bookstaff argues that no reasonable person would conclude that a total value (the data returned by the Frater card issuer), which represents the sum of two smaller values (the original bill plus gratuity), can be characterized as indicative of one of those smaller values (the gratuity) where additional information (the original

---

[1] Nothing in this case implicates the deference to fact findings contemplated by the recent decision in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841–42 (2015).

bill amount) is required to determine the two smaller values. The PTO responds that the Board correctly construed the term to encompass total charge information, which indicates the amount of the gratuity when compared to the original bill.

We hold that the Board erred in affirming the examiner's rejection because it incorrectly construed "data that is indicative of a gratuity to be charged" as a total value which may or may not include a gratuity and because there is no way from the data transmitted by the card issuer to ascertain the amount of the total that is indicative of the gratuity. "Indicative" is a common word with a well-known meaning. "Indicative" means "serving to indicate," and the PTO agrees that "indicate" means "to be a sign, symptom, or index." Appellee's Br. 13. It would be inconsistent with the plain meaning of the term "indicative" to conclude that a given value is "indicative" of another value where an entirely separate set of information, not transmitted by the card issuer, is necessary to determine that other value. Mr. Bookstaff used the term "indicative" consistent with this plain meaning throughout the specification. Each embodiment describes the data transmitted from the card issuer as a sign or index of what the gratuity should be. *See, e.g.*, '192 application ¶¶ 176–78, 189–90, 203–06. Nothing in the specification suggests that the term "indicative" is broad enough to encompass a scenario where the data must be compared to the original bill amount presumably known by the patron to determine the gratuity. The Frater card issuer returns only the total charge.

Anticipation requires every element of the claim to be present in a single prior art reference. *See Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1341 (Fed. Cir. 2011). There is no dispute that Frater only discloses transmission of the total charge from the card issuer; thus one of the claim elements, that "data that is indicative of a gratuity to be charged" is transmitted by the "card

issuer," is not present in Frater. We must therefore *reverse* this anticipation rejection. There was no obviousness rejection here.

We also reverse the Board's alternative ground that Frater anticipates because it teaches a system that has structure capable of being operated to perform the function of transmitting data indicative of a gratuity from a card issuer. The Board's conclusion that Frater teaches a system that has structures capable of performing the claimed function depended in part on the Board's finding that the Frater card issuer's transmission of the total bill information is data indicative of a gratuity. As we have concluded that the Board erred in finding that Frater discloses transmitting data indicative of a gratuity from a card issuer, we *reverse* on this ground as well.

CONCLUSION

Because the Board incorrectly construed the term at issue, and its rejections are not supported under the proper construction, we *reverse* and *remand*.

**REVERSED AND REMANDED**